IDA SHUTZ ET AL., PLAINTIFFS-RESPONDENTS, v. ISAAC MAY ET AL., DEFENDANTS-APPELLANTS.

Submitted October 12, 1934—Decided February 18, 1935.

Before Justices LLOYD, CASE and DONGES.

For the appellants, *Joseph C. Paul.*

For the respondents, *Ellis I. Taube.*

PER CURIAM.

This appeal brings up two judgments of the First District Court of Jersey City in two suits, one brought by a wife for her damage and the other by her husband for his consequential damage, resulting from the wife's injury, against the defendants-appellants, Isaac May and H. Stroka. The actions are for alleged negligence resulting in injury to the wife, who was admittedly an invitee in an automobile owned by May and Stroka. It appears that this car was being used

at a funeral. The plaintiff wife was an attendant at the funeral and desired to enter the front seat of this automobile. She was a large woman, five feet eight inches in height, and weighing about one hundred and sixty pounds. From the testimony it appears that either her husband opened the front door of the car or the front door was open, and she attempted to enter when her head struck an object which cut her, and the blood which flowed damaged her clothing. The amount of damage is not in question.

The testimony is meagre but the plaintiff husband testified that the wife struck her head on a mirror which was placed on the inside of the car, on the front thereof, at about the middle of the windshield; that the object was about four inches long and three inches wide, and was placed at an angle so that the edge which caused the injury was about four or five inches away from the front of the car to which it was attached. As stated, it was somewhere about the middle of the front of the car. One Lipschultz testified to substantially the same things. There was no testimony that there was anything unusual in the placing of the mirror or that a mirror so placed was *per se* negligence because a person entering the car in the usual way would strike it.

We are not inclined to the view that the occurrence speaks negligence, and are unable to find any testimony from which it can be determined that there was anything unusual about the position of the mirror at the time of the alleged occurrence. The Traffic act requires that every automobile constructed as this one was must have a mirror so placed as to show to the driver the road to the rear and to the side.

The appellants also assert that the plaintiff was guilty of contributory negligence, but we do not think it necessary to pass upon this point.

In the factual situation presented, the negligence of the defendants did not appear, and they were entitled to have the motions for nonsuit or directed verdicts granted.

The judgment is reversed.